# United States District Court

## FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

## VENUE: SAN FRANCISCO

CR23-155 SI

UNITED STATES OF AMERICA,

V.

ANTONIETTA NGUYEN

> **FILED**
>
> **May 30, 2023**
>
> Mark B. Busby
> CLERK, U.S. DISTRICT COURT
> NORTHERN DISTRICT OF CALIFORNIA
> SAN FRANCISCO

DEFENDANT(S).

## INDICTMENT

18 U.S.C. § 1343 – Wire Fraud;
18 U.S.C. § 2 – Aiding and Abetting
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation

A true bill.

/s/ Foreperson of the Grand Jury

Foreman

Filed in open court this __30th__ day of

__May, 2023__.

Clerk

Bail, $ No Bail, Arrest Warrant

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

FILED

May 30, 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. CR23-155 SI |
| Plaintiff, | ) |
| v. | ) VIOLATIONS: |
| | ) 18 U.S.C. § 1343 – Wire Fraud; |
| ANTONIETTA NGUYEN. | ) 18 U.S.C. § 2 – Aiding and Abetting; |
| | ) 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation |
| Defendant. | ) |
| | ) SAN FRANCISCO VENUE |
| | ) |
| | ) |

I N D I C T M E N T

The Grand Jury charges:

Introductory Allegations

At all times relevant to this Indictment:

1.    Defendant ANTONIETTA NGUYEN resided in the Northern District of California.

2.    ABS Seafood (the "Company") is a privately owned seafood wholesaler and importer headquartered in San Francisco, California.  NGUYEN was a minority shareholder in the Company and served as Chief Financial Officer (CFO) and Secretary until her termination in 2020.  As CFO, her responsibilities included, but were not limited to, maintaining the Company's accounting records, which were done through Quickbooks software, preparing financial reports, applying for and maintaining the company's corporate credit cards, applying for lines of credit, and working with the Company's tax

INDICTMENT

preparers to timely file and pay business taxes.

3. According to the Company's bylaws, "The chief financial officer shall keep and maintain, or cause to be kept and maintained, adequate and correct books and records of account. The chief financial officer shall cause all money and other valuables in the name and to the credit of the corporation to be deposited at the depositories designated by the board of directors or any person authorized by the board of directors to designate such depositories. He shall render to the chief executive officer and board of directors, when either of them request it, an account of his transactions as chief financial officer and of the financial condition of the corporation; and shall have any other powers and perform any other duties that are prescribed by the board of directors or the bylaws or the chief executive officer."

4. The Company maintained a deposit account, ending in -9324, at Cathay Bank (Company Bank Account"). NGUYEN was an authorized signatory on the account with the authority to write checks, initiate transfers, and manage the account on behalf of the Company.

5. NGUYEN controlled a J.P. Morgan Chase corporate credit card, ending in -8052 ("NGUYEN Company Chase Card"). NGUYEN was an authorized person on the account with the authority to manage the account on behalf of the Company

6. NGUYEN maintained a personal J.P. Morgan Chase credit card, ending in -2913, -8501, -5021, and -3128 depending on the specific period of time ("NGUYEN Personal Chase Card").

7. During the relevant time period, J.P. Morgan Chase processed electronic payments related to NGUYEN Company Card and Nguyen Personal Card through servers located outside the state of California.

8. NGUYEN maintained a personal deposit account at Wells Fargo Bank, ending in -8314.

9. NGUYEN maintained two personal Wells Fargo credit cards, ending in -0841 and -0460, respectively.

10. During the relevant time period, Wells Fargo Bank processed electronic payments related to NGUYEN Personal Bank Account through servers located outside the state of California.

The Scheme to Defraud

11. From approximately January 2014, up to and including approximately May 2020, in the

INDICTMENT                                          2

Northern District of California and elsewhere, NGUYEN knowingly devised and executed a material scheme to defraud her employer, by means of materially false and fraudulent pretenses, representations, and promises, and by omission and concealment of material facts with a duty to disclose, for the purpose of obtaining money and property belonging to her employers, as described below.

12.     NGUYEN embezzled approximately $2.7 million of Company funds over the course of at least six and a half years.  NGUYEN used funds from the Company Bank Account to pay for millions of dollars of expenses on her personal credit cards.  She also charged personal expenses to her corporate credit card, which were then paid for by the Company.

13.     First, as part of the scheme to defraud, during the course of her employment, NGUYEN misappropriated approximately $2.6 million in Company funds by using the Company Bank Account to pay for expenditures charged to her personal credit cards, NGUYEN Personal Chase Card.  Charges included personal travel, purchases of luxury goods from Louis Vuitton, Hermes, Goyard, Chanel, and Neiman Marcus, payment of state property taxes on NGUYEN'S personal residence, and college tuition fees for a relative.  Between January 2014 and May 2020, all payments for expenses on NGUYEN Personal Chase Card were made from the Company Bank Account.

14.     NGUYEN also paid for personal expenses charged to two other personal credit cards at Wells Fargo with Company funds.  Between approximately January 2014 and August 2015, NGUYEN wrote checks, drawn on the Company Bank Account, directly to Wells Fargo Bank or Wells Fargo Card Services to pay the balance on these cards.

15.     Second, NGUYEN misappropriated approximately $150,000 in Company funds by using the Company Bank Account to pay for personal expenditures charged to her corporate credit card (NGUYEN Company Chase Card).  Expenses included personal travel and the purchase of luxury goods.

16.     NGUYEN did not disclose her personal expenses to the Company, nor did she provide the Company with any reimbursement.  To conceal her fraud and enable it to continue, NGUYEN booked false entries into the Company's accounting software.  She provided falsified financial reports to the Company's other shareholders and to tax preparers and auditors who prepared the Company's annual financial statements and tax returns.

INDICTMENT                                           3

COUNTS ONE THROUGH FIVE:   (18 U.S.C. §§ 1343 and 2 – Wire Fraud)

17.     Paragraphs 1 through 16 of this Indictment are re-alleged and incorporated as if fully set forth here.

18.     Beginning no later than in or about January 2014, and continuing through in or about May 2020, in the Northern District of California and elsewhere, the defendant,

ANTONIETTA NGUYEN,

knowingly and with the intent to defraud participated in, devised, and intended to devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by means of omission and concealment of material facts, and for the purpose of executing the scheme and artifice to defraud and attempting to do so, the defendant did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, writings, signs, signals, pictures, and sounds, specifically the following transmissions on or about the dates set forth below, each transmission being a separate count of the Indictment:

| COUNT | DATE | AMOUNT | DESCRIPTION |
|-------|------|--------|-------------|
| 1 | 11/16/2018 | $27,041.89 | Electronic Payment of NGUYEN Personal Chase Card ending in -5021, which included charges for property taxes on NGUYEN'S personal residence |
| 2 | 3/2/2019 | $36,600.35 | Electronic Payment of NGUYEN Personal Chase Card ending in -3128, which included charges for purchases at Hermes Las Vegas |
| 3 | 2/18/2020 | $18,876.50 | Electronic payment of NGUYEN Personal Chase Card ending in -3128, which included charges for tuition fees for a relative |
| 4 | 6/28/2018 | $22,594.89 | Electronic Payment of NGUYEN Corporate Card ending in -8052, which included charges for purchases at Louis Vuitton Paris |
| 5 | 1/11/2019 | $56,734.30 | Electronic Payment of NGUYEN Corporate Card ending in -8052, which included charges for purchases at Hermes Paris and lodging in Paris |

All in violation of Title 18, United States Code, Sections 1343 and 2.

FORFEITURE ALLEGATION:     (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title

INDICTMENT                                          4

28, United States Code, Section 2461(c).

Upon conviction for any of the offenses set forth in this Indictment, the defendant,

ANTONIETTA NGUYEN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived from proceeds the defendant obtained directly and indirectly, as the result of those violations, including but not limited to a forfeiture money judgment.

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: May 30, 2023                A TRUE BILL.


                                __*/s/ Foreperson*_____
                                FOREPERSON

ISMAIL J. RAMSEY
United States Attorney


_/s/ Sailaja M. Paidipaty_____
SAILAJA M. PAIDIPATY
Assistant United States Attorney

INDICTMENT                         5

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

### OFFENSE CHARGED

18 U.S.C. § 1343 – Wire Fraud;
18 U.S.C. § 2 – Aiding and Abetting

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   Maximum term of imprisonment: 20 years
Maximum term of supervised release: 3 years
Maximum fine: $250,000
Mandatory $100 special assessment
Forfeiture and Restitution

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

### DEFENDANT - U.S

▶ ANTONIETTA NGUYEN

DISTRICT COURT NUMBER

CR23-155 SI

**FILED**
May 30, 2023
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

FBI (Special Agent Michael Tomeno)

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

}   SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

}   MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form   ISMAIL J. RAMSEY

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Sailaja M. Paidipaty

### DEFENDANT

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior ▶ _____ summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)
_____

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction   } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution
_____

Has detainer been filed?   ☐ Yes   ☐ No
} If "Yes" give date filed _____

DATE OF ARREST ▶   Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year _____

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT

Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments: