'

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTONIETTA NGUYEN,<br><br>    Defendant. | Case No. 23-cr-00155-SI-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**<br><br>Re: Dkt. No. 37 |

On June 7, 2024, the Court held a hearing on defendant's motion for a bill of particulars. For the reasons set forth below, the motion is DENIED.

**DISCUSSION**

Nguyen has filed a motion for a bill of particulars seeking the following information:

"1. The manner and means by which Ms. Nguyen knowingly aided and abetted the commission of the offense defined in 18 U.S.C. 1343 (wire fraud).

2. The names of all persons who participated in the commission of the offenses alleged in Counts One through Five of the Indictment.

3. The names of all victims of these alleged criminal offenses.

4. Ms. Nguyen's alleged scheme or plan to defraud?

5.  In what ways did Ms. Nguyen intend to deceive and cheat?

6. Who or what entity did she intend to deceive and cheat?

7. Which false entries into QuickBooks did Ms. Nguyen personally input?

8. Which false entries into QuickBooks did she direct someone else to input?"

Mtn. at 3 (Dkt. No. 37). Nguyen contends that the requested particulars "are essential to enable the defendant to be adequately apprised of the nature and scope of the accusations against her as guaranteed by the Sixth Amendment to the Constitution, to have an opportunity to adequately

prepare her defense, to avoid prejudicial surprise at trial, to clarify the issues herein, to avoid any delay at trial, and to enable the defendant to be protected against a second prosecution for the same offense as guaranteed by the Fifth Amendment to the Constitution." Mtn. at 4.

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars." "The bill of particulars has three functions: 'to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague, and indefinite for such purposes.'" *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (quoting *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)); *see also United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984) ("The purposes of a bill of particulars are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense."). When a court is considering whether to order a bill of particulars, it "should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).

The Court concludes that a bill of particulars is not warranted. As the government notes, the indictment contains considerable detail about the alleged fraud, including specific bank account numbers and credit card numbers. Further, during the course of these proceedings, the government has provided Nguyen with FBI Special Agent Tomeno's search warrant affidavit, the grand jury testimony of Agent Tomeno, additional declarations filed by Tomeno in connection with motion practice, and extensive discovery. *See* Paidipaty Decl. ¶ 3 ("To date the government has produced over 63,000 documents to the defense, including a forensic extract of the falsified Quickbooks entries, a download of all of Nguyen's corporate e-mails, and full forensic copies of electronic devices seized from her home."). All of this information is more than sufficient to apprise Nguyen of the charges against her and allow her to prepare for trial. *See Giese*, 597 F.2d at 1181 (concluding court did not abuse its discretion in denying motion for bill of particulars seeking the "when, where, and how" of every act in furtherance of a conspiracy, when indictment and discovery provided

defendant with information sufficient to meet purposes of a bill of particulars).

**IT IS SO ORDERED**.

Dated: June 7, 2024

_____
SUSAN ILLSTON
United States District Judge